■ ELMETWALLY M. ELGENDY, Respondent, v ANDREZJ NIERADKO et al., Appellants, et al., Defendants. [762 NYS2d 275] —In an action, inter alia, to recover damages for personal injuries, the defendants Andrezj Nieradko and Roger J. Fromme appeal from an order of the Supreme Court, Queens County (Schmidt, J.), dated February 3, 2003, which denied their motion for summary judgment dismissing the first cause of action insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the first cause of action is dismissed insofar as asserted against the appellants.

The appellants established a prima facie entitlement to summary judgment dismissing the first cause of action insofar as asserted against them by submitting, among other things, affirmations of their examining physicians, which indicated that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Kallicharan v Sooknanan,* 282 AD2d 573 [2001]; *Santoro v Daniel,* 276 AD2d 478 [2000]). Thus, it was incumbent on the plaintiff to come forward with admissible evidence to raise a triable issue of fact (*see Gaddy v Eyler,* 79 NY2d 955, 957 [1992]). The plaintiff failed to meet his burden. The affidavit of the plaintiff's chiropractor submitted in opposition to the motion indicated that the opinion expressed therein was based on a medical examination conducted over two years earlier rather than upon a recent examination (*see Diaz v Wiggins,* 271 AD2d 639 [2000]; *Kosto v Bonelli,* 255 AD2d 557 [1998]; *Glielmi v Banner,* 254 AD2d 255 [1998]). The chiropractor's projections of permanent limitations had no probative value in the absence of a recent examination (*see McKinney v Lane,* 288 AD2d 274 [2001]; *Hand v Bonura,* 283 AD2d 608 [2001]). Ritter, J.P., Feuerstein, McGinity, Townes and Cozier, JJ., concur.