■ PAUL BROBECK, Respondent, v MOHAMED JOLLOH, Appellant. [819 NYS2d 840]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated July 21, 2005, as denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant made a prima facie showing, via his submissions, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]; *Collins v Stone,* 8 AD3d 321 [2004]). In opposition, the plaintiff failed to establish the existence of a triable issue of fact. The plaintiff principally relied upon the affidavit of his treating neurologist, who also submitted an affirmed medical report. Neither submission raised a triable issue of fact since in both the affidavit and the affirmed medical report the plaintiff's examining neurologist relied on the unaffirmed/unsworn reports of others in reaching his opinion and diagnosis (*see Vallejo v Builders for Family Youth, Diocese of Brooklyn, Inc.,* 18 AD3d 741, 742 [2005]; *Mahoney v Zerillo,* 6 AD3d 403 [2004]; *Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267 [1995]). All of the remaining submissions of the plaintiff, with the exception of his own affidavit, were

unaffirmed/unsworn and thus without probative value in opposing the defendant's motion (*see Grasso v Angerami,* 79 NY2d 813, 814 [1991]; *Hernandez v Taub,* 19 AD3d 368, 368 [2005]; *Pagano v Kingsbury,* 182 AD2d 268, 270 [1992]). In the absence of such admissible evidence of injury, the plaintiff's self-serving affidavit was insufficient to raise a triable issue of fact (*see Fisher v Williams,* 289 AD2d 288, 289 [2001]). Accordingly, the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.