■ DOMINICK LARUFFA, Respondent, v YUI MING LAU, Appellant. [821 NYS2d 642]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Martin, J.), entered April 11, 2005, which, upon a jury verdict, and upon the denial, inter alia, of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint on the ground of legal insufficiency, is in favor of the plaintiff and against the defendant in the principal sum of $150,000.

Ordered that the judgment is reversed, on the law, with costs, and the motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint on the ground of legal insufficiency is granted.

A motion for judgment as a matter of law pursuant to CPLR 4401 may only be granted when, upon the evidence presented, there is no rational process by which the jury could find in favor of the nonmoving party (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*id.* at 556; *see Hand v Field*, 15 AD3d 542, 543 [2005]).

Contrary to the plaintiff's contention, viewing the facts in the light most favorable to him, the evidence adduced at trial was insufficient to establish, prima facie, that he sustained a "significant limitation of use of a body function or system" and ac-

cordingly, that he sustained a "[s]erious injury" within the meaning of Insurance Law § 5102 (d). In order to establish that he suffered a "significant limitation of use of a body function or system," the plaintiff was required to provide objective evidence of the extent or degree of the limitation and its duration (*see Beckett v Conte*, 176 AD2d 774 [1991]), based on a recent examination of the plaintiff (*see Young v Russell*, 19 AD3d 688, 689 [2005]; *Silkowski v Alvarez*, 19 AD3d 476 [2005]; *Kooblall v Morris*, 276 AD2d 595, 596 [2000]). In this case, the plaintiff's medical expert last examined him approximately 21 months before trial. Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, since the opinions expressed by the plaintiff's medical expert at trial were not based on a recent medical examination. In view of our determination, it is not necessary to address the other claims raised by the defendant on appeal. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.