■ HAYDEE PHILLIPS, Respondent, v KATY E. ZILINSKY, Defendant, and GREGORY DAVOLA, Appellant. [834 NYS2d 299]—

In an action to recover damages for personal injuries, the defendant Gregory DaVola appeals from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated March 21, 2006, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment

dismissing the complaint insofar as asserted against the appellant is granted.

The appellant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]).

In opposition, the affirmed medical reports of the plaintiff's treating orthopedic surgeon did not raise a triable issue of fact. Initially, in her most recent examination of the plaintiff performed on February 13, 2006, the orthopedic surgeon concluded that the limitations noted in cervical and lumbar spine range of motion, as well as the disc bulges noted in the plaintiff's magnetic resonance imaging (hereinafter MRI) reports, were caused by the subject accident. However, these conclusions were speculative as she did not address in her most recent report the findings contained in the report of the appellant's examining radiologist that the disc bulges in the plaintiff's cervical and lumbar spine were the result of pre-existing degenerative processes and not the subject accident (*see Giraldo v Mandanici*, 24 AD3d 419, 420 [2005]; *Lorthe v Adeyeye*, 306 AD2d 252, 253 [2003]; *Pajda v Pedone*, 303 AD2d 729, 730 [2003]; *Ginty v MacNamara*, 300 AD2d 624, 625 [2002]). Moreover, it is clear that she improperly relied upon unsworn MRI reports of the plaintiff's cervical and lumbar spine in coming to her diagnosis in her most recent report (*see Brobeck v Jolloh*, 32 AD3d 526 [2006]; *Vallejo v Builders for Family Youth, Diocese of Brooklyn, Inc.*, 18 AD3d 741, 742 [2005]; *Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]). Furthermore, neither the plaintiff nor her treating orthopedic surgeon adequately explained the 15-month gap between the date when the plaintiff, by her own admission in her deposition testimony, stopped treatment, and the date on which she was examined in February 2006 (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Hasner v Budnik*, 35 AD3d 366, 368 [2006]; *Caracci v Miller*, 34 AD3d 515 [2006]; *Bycinthe v Kombos*, 29 AD3d 845, 846 [2006]). The MRI reports of the plaintiff's cervical and lumbar spine dated October 25, 2004, were without probative value in opposing the appellant's motion since they were unaffirmed (*see Grasso v Angerami*, 79 NY2d 813, 814 [1991]; *Parente v Kang*, 37 AD3d 687 [2007]; *Nkhereanye v Hillaire*, 35 AD3d 419, 420 [2006]). The remaining submissions of the plaintiff did not amount to medical evidence sufficient to raise a triable issue of fact. Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.