■ MUMTAZ ALI, Respondent, v MOHAMMAD MIRSHAH et al., Appellants. [840 NYS2d 83]—

In an action to recover damages for personal injuries, the

defendants appeal from order of the Supreme Court, Kings County (Knipel, J.), dated September 20, 2006, which denied their cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted.

The defendants met their burden of establishing, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) under the permanent or significant limitation categories (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Moreover, since the plaintiff did not allege in his bill of particulars, as contained in the record on appeal, that he sustained a medically-determined injury or impairment of a nonpermanent nature, which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident, the defendants were not required to address these allegations on their cross motion.

In opposition, the plaintiff failed to raise a triable issue of fact. Since the plaintiff alleged a permanent serious injury and a significant limitation of use, he was required to submit objective medical evidence based upon a recent examination (*see Mejia v DeRose*, 35 AD3d 407 [2006]; *Laruffa v Yui Ming Lau*, 32 AD3d 996, 997 [2006]; *Elgendy v Nieradko*, 307 AD2d 251 [2003]). He failed to satisfy this requirement. The conclusions contained in the affidavit of the plaintiff's treating chiropractor were based on an examination of the plaintiff that took place only six days after the accident, and were not based on a recent examination (*see Marziotto v Striano*, 38 AD3d 623, 624 [2007]). These conclusions also relied on the unsworn reports of others (*see Phillips v Zilinsky*, 39 AD3d 728 [2007]; *Porto v Blum*, 39 AD3d 614 [2007]; *Iusmen v Konopka*, 38 AD3d 608, 609 [2007]). The submission of the plaintiff's magnetic resonance imaging reports were without probative value since they were unaffirmed (*see Phillips v Zilinsky, supra; Osgood v Martes*, 39 AD3d 516 [2007]). The plaintiff's remaining submissions, including his affidavit and medical billing information, did not constitute admissible objective evidence of a serious injury (*see Elder v Stokes*, 35 AD3d 799, 800 [2006]; *Brobeck v Jolloh*, 32 AD3d 526, 526-

527 [2006]; *Fisher v Williams*, 289 AD2d 288, 289 [2001]).
Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.