JOAN MCCOMB et al., Respondents, v ROBERT S. BENDER et al., Appellants. [847 NYS2d 123]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau. County (Cozzens, J.), entered October 11, 2006, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Joan McComb did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

Although the Supreme Court correctly concluded that the defendants met their prima facie burden by showing that the plaintiff Joan McComb (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; see also Meyers v Bobower Yeshiva Bnei Zion, 20 AD3d 456 [2005]), the court incorrectly concluded that the plaintiffs, in opposition, raised a triable issue of fact. The plaintiffs relied principally on the affirmed medical reports of the injured plaintiff's treating neurologist. A review of those reports fails to indicate that they were based on a recent examination of the injured plaintiff (see Mejia v DeRose, 35 AD3d 407 [2006]; Laruffa v Yui Ming Lau, 32 AD3d 996 [2006]; Elgendy v Nieradko, 307 AD2d 251 [2003]). Furthermore, the plaintiffs failed to proffer any competent medical evidence that the injured plaintiff sustained a medically-determined injury of a nonpermanent nature which prevented her, for 90 of the 180 days following the subject accident, from performing her usual and customary activities (see Sainte-Aime v Ho, 274 AD2d 569, 570 [2000]).

Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been granted. Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.