■ SHANNON LARKIN, Respondent, v GOLDSTAR LIMO CORP., Appellant, et al., Defendant. [848 NYS2d 254]—

In an action to recover damages for personal injuries, the defendant Goldstar Limo Corp. appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated February 9, 2007, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Goldstar Limo Corp. for summary judgment dismissing the complaint insofar as asserted against it is granted.

The defendant Goldstar Limo Corp. (hereinafter Goldstar) met its prima facie burden by establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's medical submissions were insufficient to raise a triable issue of fact since none were based on a recent examination (see Ali v Mirshah, 41 AD3d 748 [2007]; Mejia v DeRose, 35 AD3d 407 [2006]; Laruffa v Yui Ming Lau, 32 AD3d 996 [2006]). Moreover, the plaintiff's submissions failed to address the finding of Goldstar's examining radiologist that the condition of the plaintiff's cervical spine resulted from preexisting degeneration and was not caused by the subject accident. Goldstar's examining radiologist also noted that the magnetic resonance imaging studies of the plaintiff's lumbar spine evinced that he had a transitional vertebra, which was congenital, and predisposed him to abnormal movements and premature degenerative disc disease. The failure of the plaintiff's experts to address these findings rendered speculative any conclusions they made that the plaintiff's spinal restrictions were causally related to the subject accident (see Phillips v Zilinsky, 39 AD3d 728 [2007]; D'Alba v Yong-Ae Choi, 33 AD3d 650 [2006]). The plaintiff also failed to proffer competent medical evidence that he sustained a medically-determined injury of a nonpermanent nature which prevented him, for 90 of the 180 days following the subject accident, from performing his usual and customary activities (see Sainte-Aime v Ho, 274 AD2d 569 [2000]). Rivera, J.P., Florio, Carni and Balkin, JJ., concur.