■ ADRIENNE BERKOWITZ, Appellant, v GLADYS S. TAYLOR, Respondent. [851 NYS2d 597]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Phelan, J.), entered January 23, 2007, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) from a judgment of the same court entered March 2, 2007,

which, upon the order, is in favor of the defendant and against her dismissing the complaint. The notice of appeal from the order entered January 23, 2007, is deemed also to be a premature notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court correctly determined that the submissions of the defendant established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *see also Meyers v Bobower Yeshiva Bnei Zion,* 20 AD3d 456 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether her present complaints were causally related to the accident of June 2001, which is the subject of this action, and not a subsequent accident in October 2001. The plaintiff's contention on appeal that her submissions in opposition to the defendant's motion raised a triable issue of fact as to whether she sustained a serious injury because she incurred a significant limitation of use of a body function or system is incorrect. "In order to establish that he [or she] suffered a 'significant limitation of use of a body function or system,' the plaintiff was required to provide objective evidence of the extent or degree of the limitation and its duration, based upon a recent examination of the plaintiff" (*Laruffa v Yui Ming Lau,* 32 AD3d 996, 996 [2006] [citation omitted]). The plaintiff's submissions failed to raise a triable issue of fact as to whether she sustained any such serious injury, since none of those submissions were based on a recent examination (*see Amato v Fast Repair Inc.,* 42 AD3d 477 [2007]; *Ali v Mirshah,* 41 AD3d 748 [2007]; *Mejia v DeRose,* 35 AD3d 407 [2006]; *Beckett v Conte,* 176 AD2d 774 [1991]; *see generally Scheer v Koubek,* 70 NY2d 678, 679 [1987]). Spolzino, J.P., Skelos, Lifson and McCarthy, JJ., concur.