■ CHANDAN SHARMA, Respondent, v RAYMOND R. DIAZ, Appellant. [850 NYS2d 634]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated May 4, 2007, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

Contrary to the Supreme Court's determination, the defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact. The report of Dr. Shahid Mian was without any probative value, since it was unaffirmed (*see Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Rodriguez v Cesar*, 40 AD3d 731 [2007]; *Phillips v Zilinsky*, 39 AD3d 728 [2007]). Moreover, while Dr. Mian did set forth range of motion findings based on his January 26, 2004, examination of the plaintiff, he failed to compare those findings to the normal ranges of motion (*see Page v Belmonte*, 45 AD3d 825 [2007]; *Malave v Basikov*, 45 AD3d 539 [2007]; *Fleury v Benitez*, 44 AD3d 996 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]).

Despite any range of motion findings that may have been made prior to January 29, 2004, the findings made on that date are the most recent ones set forth by the plaintiff in opposition to the motion. Dr. M.A. Farescal, one of the plaintiff's treating physicians, examined the plaintiff on January 29, 2004 and concluded on that date, which was within three months of the subject accident, that the plaintiff had full range of motion in the lumbar and cervical regions of his spine. Thus, the plaintiff's own treating physician concluded that within three months of the subject accident the plaintiff had full range of motion in those areas. The plaintiff proffered no other range of motion findings made after January 29, 2004 that differ. In fact, there was no recent examination of the plaintiff in which range of motion testing was shown to be performed. This was fatal for the plaintiff since he asserted that his medical submissions raised a triable issue of fact that he sustained permanent disabilities as a result of the subject accident. Without a recent examination, no such permanency could be established (*see Amato v Fast Repair Inc.,* 42 AD3d 477, 477-478 [2007]; *Ali v Mirshah,* 41 AD3d 748, 749 [2007]; *Elgendy v Nieradko,* 307 AD2d 251 [2003]; *Chinnici v Brown,* 295 AD2d 465, 466 [2002]). While Dr. Farescal performed an examination on August 16, 2006 of the plaintiff, no range of motion findings concerning the plaintiff's ability to move the cervical and/or lumbar regions of his spine on that date were set forth. The mere existence of a herniated or bulging disc, and even radiculopathy, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Mejia v DeRose,* 35 AD3d 407-408 [2006]). Objective evidence of the extent of the alleged physical limitations resulting from the disc injuries and their duration was not established by the plaintiff via his submissions. Neither the self-serving affidavit of the plaintiff, nor his deposition testimony, established the existence of a triable issue of fact (*see Brobeck v Jolloh,* 32 AD3d 526, 527 [2006]; *Davis v New York City Tr. Auth.,* 294 AD2d 531, 531-532 [2002]; *Fisher v Williams,* 289 AD2d 288, 289 [2001]).

Since the plaintiff did not allege in his complaint or bill of particulars that he sustained a significant disfigurement as a result of the subject accident and did not move for leave to amend the bill of particulars, the evidence pertaining to any scar on his forehead was not considered (*see Ifrach v Neiman,* 306 AD2d 380 [2003]; *Seymour v Roe,* 301 AD2d 991, 992 n 2 [2003]). Rivera, J.P., Florio, Carni and Balkin, JJ., concur.