■ SHMUEL DEUTSCH, Respondent, v ANGEL TENEMPAGUAY, Appellant. [852 NYS2d 369]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated May 25, 2007, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury by virtue of sustaining either a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system, within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition to the defendant's showing, the plaintiff failed to raise a triable issue of fact. The affirmation and report of the plaintiff's treating physician were insufficient to raise a triable issue of fact as to whether the plaintiff sustained an injury within those catergories since the physician's conclusions were not based on a recent examination of the plaintiff (*see Amato v Fast Repair Inc.*, 42 AD3d 477 [2007]; *Ali v Mirshah*, 41 AD3d 748 [2007]; *Mejia v DeRose*, 35 AD3d 407 [2006]; *Elgendy v Nieradko*, 307 AD2d 251 [2003]). Furthermore, neither the plaintiff nor his experts proffered competent medical evidence that was even roughly contemporaneous with the subject accident showing range-of-motion limitations in his spine (*see D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]; *Morales v Daves*, 43 AD3d 1118 [2007]; *Rodriguez v Cesar*, 40 AD3d 731 [2007]).

The submission of the plaintiff's magnetic resonance imaging reports concerning the cervical and lumbar regions of his spine were insufficient to raise a triable issue of fact. The mere existence of a herniated or bulging disc is not evidence of a serious injury where, as here, objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration is absent (*see Siegel v Sumaliyev*, 46 AD3d 666 [2007]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Mejia v DeRose*, 35 AD3d 407 [2006]; *Yakubov v CG Trans Corp.*, 30 AD3d 509 [2006]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Bravo v Rehman*, 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]; *Diaz v Turner*, 306 AD2d 241 [2003]). Moreover, the self-serving affidavit of the plaintiff was insufficient to raise a triable issue of fact as to whether he sustained a serious injury under any statutory definition of the term (*see Elder v Stokes*, 35 AD3d 799 [2006]; *Brobeck v Jolloh*, 32 AD3d 526 [2006]; *Fisher v Williams*, 289 AD2d 288 [2001]). Mastro, J.P., Fisher, Florio, Angiolillo and Dickerson, JJ., concur.