■ Antonio Rico, Respondent-Appellant, et al., Plaintiff, v Christine Figueroa, Appellant-Respondent. [853 NYS2d 129]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated November 3, 2006, as denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff Antonio Rico did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the plaintiff Antonio Rico cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment on the issue of serious injury.

Ordered that the order is reversed insofar as appealed from, on the law, and the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Antonio Rico did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The defendant met her prima facie burden by showing that the plaintiff Antonio Rico (hereinafter Antonio) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Contrary to Antonio's contention, the papers he submitted in opposition to the defendant's motion were insufficient to raise a triable issue of fact as to whether he sustained a medically-determined injury which prevented him from performing substantially all of his usual and customary daily activities for 90 out of the first 180 days immediately following the subject accident (*see Larkin v Goldstar Limo Corp.*, 46 AD3d 631 [2007]; *Borgella v D & L Taxi Corp.*, 38 AD3d 701 [2007]; *Whitfield-Forbes v Pazmino*, 36

AD3d 901 [2007]). The accident occurred on August 28, 2004. While Antonio's treating physician opined that he was unable to return to work full time until November 30, 2004, this was belied by Antonio's own deposition testimony in which he stated that he was able to return full time to work within 2½ months of the accident.

The Supreme Court properly denied Antonio's cross motion for summary judgment on the issue of serious injury. Since Antonio relied on essentially the same submissions in support of his cross motion as he did to oppose the defendant's motion, Antonio failed, as a matter of law, to establish that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the accident. Thus, Antonio failed to establish his prima facie entitlement to judgment as a matter of law, and the Supreme Court properly denied his cross motion, regardless of the sufficiency of the defendant's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Mastro, J.P., Fisher, Florio, Angiolillo and Dickerson, JJ., concur.