█ FRED KRAUER, Appellant, v JOHN HINES, Defendant and Third-Party Plaintiff-Respondent, and MICHAEL CARDINEAU et al., Respondents. MATTHEW KAY et al., Third-Party Defendants-

Respondents. [866 NYS2d 340]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), entered September 21, 2007, which granted the separate motions of the defendant third-party plaintiff, John Hines, and the defendants, Michael Cardineau and Richard J. Cardineau, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and granted the motion of the third-party defendants Matthew Kay and Susan Kay, and the separate motion of the third-party defendant Ronald Pina, for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs payable to the defendant third-party plaintiff-respondent and the defendants-respondents appearing separately and filing separate briefs.

On their separate motions for summary judgment, the defendant third-party plaintiff, John Hines, the defendants, Michael Cardineau and Richard J. Cardineau, the third-party defendants Matthew Kay and Susan Kay, and the third-party defendant Ronald Pina, met their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. Since neither the affidavit of the plaintiff's treating chiropractor nor the affirmation of his treating neurologist were based on a recent examination, they were insufficient to raise a triable issue of fact as to whether he sustained a serious injury based on either a permanent consequential limitation of use of a body organ or member, or a significant limitation of use of a body function or system (*see Deutsch v Tenempaguay*, 48 AD3d 614, 615 [2008]; *Ali v Mirshah*, 41 AD3d 748, 749 [2007]; *Mejia v DeRose*, 35 AD3d 407 [2006]; *Elgendy v Nieradko*, 307 AD2d 251 [2003]). In addition, the plaintiff failed to provide any competent medical evidence establishing that he sustained a medically determined injury of a nonpermanent nature which prevented him from performing his usual and customary activities for 90 of the 180 days following the subject accident (*see Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]). Fisher, J.P., Lifson, Covello and Balkin, JJ., concur.