| **Guinn v Pure Green Carpet Inc** |
|---|
| 2024 NY Slip Op 34244(U) |
| November 26, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 518894/2022 |
| Judge: Ingrid Joseph |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Part 83 of the Supreme Court of
the State of New York held in and for the
County of Kings at 360 Adams Street,
Brooklyn, New York, on the 26ᵗʰ day of
November, 2024.

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------------------X     Index No.: 518894/2022

DIJON GUINN,

                                 Plaintiff,

                    -against-                                                    **DECISION AND ORDER**

PURE GREEN CARPET INC and JOHN DOE, a fictitious                                 (Mot. Seq. No. 2)
name as true name is unknown to the plaintiff at this time,

                                 Defendants.

---------------------------------------------------------------------------X

<u>The following e-filed papers read herein:</u>                               <u>NYSCEF Doc Nos.</u>

Notice of Motion/Affirmation in Support/Exhibits................     32 – 35
Affirmation in Opposition/Affidavit/Exhibits.....................     36 – 44
Reply Affirmation.................................................................     45

Upon the foregoing papers, Defendants Pure Green Carpet Inc. ("Pure Green") and Gregory Lewis ("Lewis") (collectively, "Defendants") move for an order, pursuant to CPLR 3212, granting them summary judgment on the basis that Plaintiff Dijon Green ("Plaintiff") did not sustain a "serious injury" under Insurance Law § 5102 (d) (Mot. Seq. No. 2). Plaintiff opposes the motion.

This action arises out of a motor vehicle accident that occurred on September 21, 2021. According to her complaint, Plaintiff was the driver of a vehicle that was allegedly struck by a vehicle operated by "John Doe" and owned by Pure Green. In Defendants' answer, they acknowledge that Gregory Lewis is "John Doe." As a result of the accident, Plaintiff seeks to recover damages for her personal injuries. Specifically, Plaintiff alleges in her Bill of Particulars that she sustained injuries to her lumbar spine and cervical spine, requiring medical procedures. Plaintiff seeks to recover for serious injuries as defined by Insurance Law § 5102 (d) resulting in (i) a permanent loss of use; (ii) a permanent consequential limitation of use; (iii) significant limitation of use; and (iv) the inability to perform substantially all of the material acts which

[* 1]

constitute usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. Plaintiff further avers that she was confined to her bed or home for approximately 10 days following her cervical spine surgery.

In support of their motion, Defendants rely on the report of their medical expert Dr. Dana Mannor, an orthopedic surgeon. Dr. Mannor performed an independent medical examination of Plaintiff on December 7, 2023, measuring Plaintiff's ranges of motion using a hand-held goniometer and comparing them to the AMA guidelines. Dr. Mannor found that Plaintiff exhibited full range of motion and concluded that Plaintiff's injuries had resolved. Dr. Mannor further opined that there is no orthopedic disability. Defendants also rely on Plaintiff's deposition testimony. At her deposition, Plaintiff testified, inter alia, that she (a) received physical therapy for six months, (b) last received an injection in 2022, (c) worked as a COVID tester at the time of the accident until December 2021, and (d) did not work between December 2021 and July 2022 because she "needed a break." In addition, Defendants assert that there is a gap in treatment, and such gap is a cessation of treatment warranting dismissal.

In opposition to the motion, Plaintiff argues that she went to the hospital on the date of the accident and continued to receive treatment for approximately seven or eight months until her benefits ran out. Plaintiff further argues that she has not worked since the accident and applied for and received unemployment benefits. Plaintiff refers to MRI reports, Dr. Herschel Kotke's operative records, and Dr. Deonarine Rampershad's narrative report and treatment records. Plaintiff contends that Dr. Rampershad's physical examinations on October 5, 2021, December 2, 2021, February 8, 2022, and March 15, 2022 revealed limited ranges of motion. With respect to her limitations, Plaintiff points to her deposition wherein she testified that she had difficulty standing for long periods and engaging in physical play with children. Plaintiff also submits an affidavit in which she states that during the six months after the accident, her physical limitations were more severe than at the time of the deposition. She states that she was unable to, or could do only with great difficulty, performing household tasks, lift and carry, walk long distances, stand for long periods, or care for herself and her daughter.

In their reply, Defendants ask this Court to not consider the MRI reports, Dr. Kotke's records, and the hospital records, since they are not affirmed and are thus, inadmissible. Defendants also ask this Court not to consider Plaintiff's affidavit since it is self-serving, post-deposition and contradicts her prior deposition testimony. With respect to Dr. Rampershad's

2

[* 2]

records, Defendants note that the doctor did not identify the method of obtaining the measurement of Plaintiff's range of motion or identify the authoritative guidelines for the standard of normal ranges. Accordingly, Defendants argue that Dr. Rampershad's measurements lack objectivity and are wholly speculative. In addition, Dr. Rampershad's narrative report failed to include any recent findings of any significant limitation or restriction. Thus, Defendants claim that Plaintiff has failed to rebut Defendants' prima facie showing of no serious injury. Moreover, Defendants contend that they established entitlement to dismissal of the 90/180 claim through Plaintiff's deposition testimony and Plaintiff's failure to demonstrate that they were under doctor's restrictions during that time period.

Whether a claimed injury falls within the statutory definition of "serious injury" is a question of law for the Court (*Licari v Elliot,* 57 NY2d 230 [1982]). The movant bears the initial burden of establishing, by the submission of evidentiary proof in admissible form, a prima facie case that a party has not suffered a serious injury proximately resulting from the subject motor vehicle accident (*Toure v Car Sys., Inc.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [2016]). However, where the movant has made a showing that a party has not suffered a serious injury as a matter of law, the burden shifts to the opposing party to submit evidence in admissible form sufficient to create a material issue of fact warranting a trial (*Franchini v Palmieri,* 1 NY3d 536 [2003]; *Grasso v Angerami,* 79 NY2d 813 [1991]).

"A defendant who submits admissible proof that the plaintiff has a full range of motion, and that she or he suffers from no disabilities causally related to the motor vehicle accident, has established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d)" (*Kearse v NY City Tr. Auth.,* 16 AD3d 45, 49-50 [2d Dept 2005]). According to Dr. Mannor, Plaintiff's physical examination revealed full range of motion and that all injuries had been resolved. Dr. Mannor concluded that there was no evidence of an orthopedic disability. Thus, the Court finds that through their expert report, Defendants have established a prima facie case and the burden shifts to Plaintiff to demonstrate a triable issue of fact.

For Plaintiff's claim to survive, she must proffer sufficient evidence to raise a triable issue of fact. This evidence must be "objective medical proof of a serious injury causally related to the accident" (*Pommells v Perez,* 4 NY3d 566, 574 [2005]). In considering Plaintiff's opposition, it

[* 3]

is necessary to first determine the admissibility of her medical evidence. Here, Defendants did not submit Plaintiff's medical records with their motion; however, their expert Dr. Mannor's report lists numerous records reviewed, including the records Defendants deem inadmissible. While unaffirmed or uncertified records alone would ordinarily be inadmissible, the Second Department has determined that "even a reference to the unsworn or unaffirmed reports in the moving papers is sufficient to permit the plaintiff to rely upon and submit these reports in opposition to the motion" (*Kearse*, 16 AD3d at 47, n 1; *Irizarry v Lindor*, 110 AD3d 846, 847 [2d Dept 2013] [unsworn reports reviewed by defendant' expert are admissible]). Accordingly, the Court finds the medical evidence proffered by Plaintiff is admissible.

Nonetheless, Plaintiff's medical evidence (or lack thereof) is insufficient to raise a triable issue of fact. First, Plaintiff failed to submit any recent examination from her treating doctor. Dr. Rampershad's narrative report contains no reference to, or results from, a recent examination. The lack of a recent examination of Plaintiff is fatal to any claim of permanency (*Sharma v Diaz*, 48 AD3d 442, 443 [2d Dept 2008]).

Second, neither the narrative report nor the physical therapy records identified the objective tests used to measure Plaintiff's range of motion (*see Gersbeck v Cheema*, 176 AD3d 684, 686 [2d Dept 2019] [where objective tests are not identified, conclusion that plaintiff sustained a range-of-motion limitation as a result of accident is unsupported]; *see also Bayk v Martini*, 142 AD3d 484, 484 [2d Dept 2016]; *Durand v Urick*, 131 AD3d 920, 920 [2d Dept 2015]). Moreover, while the records may reflect a decreased range of motion as compared to "normal," Dr. Rampershad failed to identify what authoritative guidelines were used to determine what is normal (*Whitfield v Harris*, 2021 NY Slip Op 31515[U], *8 [Sup Ct, Kings County 2021] [failure to identify authoritative guidelines used rendered examination speculative]; *Volpini v S & F Supplies*, 2021 NY Slip Op 31319[U], *7 [Sup Ct, Kings County 2021]).

Third, Plaintiff's lumbar spine MRI reflects disc bulging at L3-L4 and L4-L5; however, the "mere existence of a disc bulge or herniation is insufficient to establish a serious injury in the absence of objective evidence of the extent of alleged physical limitations resulting from the disc injury and its duration" (*Kearse*, 16 AD3d at 46).

The Court will now address the 90/180 category of Plaintiff's claim. Under this category, a "serious injury" is defined as a plaintiff's inability to "perform[] substantially all of the material acts which constitute [his or her] usual and customary daily activities for not less than ninety days

4

[* 4]

during the one hundred eighty days immediately following the date of the [accident]" (Insurance Law 5102 [d]). Therefore, a plaintiff's current condition has no bearing on whether she was unable to carry out her normal and customary activities during the statutory period. Moreover, a plaintiff's self-serving statement or testimony claiming an inability to engage in customary daily activities will not suffice (*Ryan v Xuda*, 243 AD2d 457, 457-458 [2d Dept 1997]). Instead, there must be objective evidence of a medically imposed limitation (*id.*; *Jones*, 147 AD3d at 1280-1281 [3d Dept 2017]).

Through Plaintiff's deposition testimony and Bill of Particulars, Defendants have established prima facie entitlement to dismissal of the 90/180-day claim. It is undisputed that Plaintiff was confined to her bed or home for less than 90 days.[1] In addition, Plaintiff testified that she continued to work after the accident. In her opposition, Plaintiff argues that she has not worked since the accident. This plainly contradicts Plaintiff's deposition testimony in which she testified that she was a COVID tester until December 2021 and at the time of her deposition, was employed as a caregiver.[2] Even if the Court considers Plaintiff's self-serving affidavit, in which she states her limitations during the requisite time period, Plaintiff's subjective description of her injuries are insufficient to make out a 90/180-day claim. Plaintiff has proffered no medical evidence indicating that she was unable to perform substantially all of her daily activities for not less than 90 out of 180 days following the accident (*Muzashvili v Vicente*, 16 Misc 3d 1140[A] [Sup Ct, Kings County 2007], *affd* 59 AD3d 413, [2d Dept 2009]).

Accordingly, it is hereby

ORDERED, that Defendants' motion for summary judgment (Mot. Seq. No. 2), dismissing the complaint on the basis that Plaintiff has not sustained a "serious injury" is granted.

All other issues not addressed herein are either without merit or moot.

This constitutes the decision and order of the Court.

_____
HON. INGRID JOSEPH, J.S.C.
Hon. Ingrid Joseph
Supreme Court Justice

---

[1] Plaintiff testified that she was confined for around 40 days (Plaintiff tr at 68, lines 4-25; at 69, lines 2-12).
[2] Plaintiff tr at 8, lines 12-18; at 9, lines 19-21; at 10, line 25; at line 2-4.