■ SOLOMON FRIEDMAN et al., Respondents, v U-HAUL TRUCK RENTAL et al., Appellants. [627 NYS2d 765] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Hurowitz, J.), dated February 14, 1994, which granted the plaintiffs' motion for renewal and, upon renewal, vacated its original determination made in an order of the same court, dated September 20, 1993, granting the defendants' motion for summary judgment dismissing the complaint, and denied the motion.

Ordered that the order is modified, on the law, by deleting the provisions thereof which vacated the order dated September 20, 1993, and denied the motion for summary judgment, and substituting therefor a provision adhering to the original determination in the order dated September 20, 1993; as so modified, the order is affirmed, with costs to the defendants.

While a motion for leave to renew a prior motion should generally be based on newly discovered facts, it is within the court's discretion to grant renewal even upon facts known to the movant at the time of the original motion *(see, Canzoneri v Wigand Corp.,* 168 AD2d 593). Here, the court properly exercised its discretion and accepted as new evidence proof that was available to the plaintiffs at the time of the defendants' original motion.

However, upon renewal, the court should have adhered to its original determination. Although the affirmation of Dr. Leonard Harrison, which was submitted in support of the plaintiffs' motion to renew, stated that an examination performed five months earlier revealed a restriction of motion of the injured plaintiff's cervical, dorsal, and lumbosacral spine, it failed to specify the degree of the restriction of motion in the affected areas. Although Dr. Harrison noted that the report of a

magnetic resonance imaging examination (hereinafter MRI) taken on April 14, 1994, included "findings of a bulging disc at L 4/5 and L 5/S1", Dr. Harrison did not indicate that he reviewed the actual MRI films. He merely annexed a copy of an unsworn MRI report, prepared by another doctor, to his affirmation. The plaintiff may not rely on an unsworn report *(see, Pagano v Kingsbury,* 182 AD2d 268). Therefore, the evidence submitted was insufficient to establish that the injured plaintiff sustained a "permanent consequential limitation of use" *(see, Tipping-Cestari v Kilhenny,* 174 AD2d 663). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.