■ TAMMY COLLINS, Respondent, v SHERIDAN STONE et al., Appellants. [778 NYS2d 79]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Golar, J.), dated November 18, 2003, which granted the plaintiff's motion for leave to reargue the defendants' prior motion for summary judgment dismissing the complaint, which was granted in an order of the same court dated May 19, 2003, and, upon reargument, vacated the order dated May 19, 2003, and denied the motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion for reargument is denied, and the order dated May 19, 2003, is reinstated.

The Supreme Court erred in granting the plaintiff's motion for leave to reargue. The plaintiff did not establish that the Supreme Court misapplied the law or the facts in its original order dated May 19, 2003 (*see* CPLR 2221 [d] [2]; *Pryor v Commonwealth Land Tit. Ins. Co.*, 1 AD3d 494 [2003]).

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident which occurred on May 10, 1996 (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). Based upon the affirmed medical reports of two orthopedists who examined the plaintiff on April 12, 1997, and November 4, 2002, respectively, there was no evidence of loss of range of motion. The orthopedist who examined the plaintiff on November 4, 2002, found that the plaintiff had full range of motion in her cervical and lumbosacral spine, and shoulders, and that all of the plaintiff's injuries from the subject accident had been "resolved." The orthopedist also found that the plaintiff suffered a recurrence of neck and back pain as a result of a second accident on November 18, 2001, which also appeared to have been "resolved." The plaintiff acknowledged in her bill of particulars that she was "confined to her bed and home for one day following the date of the accident."

In opposition, the plaintiff submitted the affirmed report of an orthopedist (hereinafter the plaintiff's orthopedist) who quantified loss of range of motion of the cervical and lumbar spine based upon a medical examination he performed on February 4, 2003. The plaintiff's orthopedist acknowledged that "[n]o reports are available to review" and did not take into account the plaintiff's history of having been involved in a more recent accident in November 2001, when she injured her neck and back (*see Mahoney v Zerillo*, 6 AD3d 403 [2004]; *Allyn v Hanley*, 2 AD3d 470 [2003]).

The plaintiff also submitted the affirmed report of a radiologist stating that a magnetic resonance imaging (hereinafter MRI) of the cervical spine taken on July 17, 1996, showed a "defect" consistent with central disc herniation and "posterior disc bulging with ventral extradural defects on [the] thecal sac" at C4-5 and C6-7. However, the radiologist expressed no opinion with respect to causation. In addition, the plaintiff's orthopedist noted that there was a "[n]eed to obtain the reports of the cervical and lumbosacral MRI's, as well as the previous medical

records from the office where [the plaintiff] was treated." There was no indication in the record that this was done and the plaintiff's orthopedist did not express an opinion as to the cause of the "defects" observed on the cervical MRI.

Accordingly, the plaintiff failed to raise a triable issue of fact. Thus, the Supreme Court improperly vacated the order dated May 19, 2003, granting the defendants' motion for summary judgment dismissing the complaint. Smith, J.P., Goldstein, Adams, Rivera and Lifson, JJ., concur.