In the Matter of JEFFREY M. STEIN, as Democratic Commissioner of the Nassau County Board of Elections, Appellant, v JOHN A. DeGRACE, as Republican Commissioner of the Nassau County Board of Elections, Respondent. [800 NYS2d 223]—

In a proceeding pursuant to Election Law articles 7 and 16, in effect, to direct that candidates for the public office of Member of the Nassau County Legislature shall be listed on the ballot in the column immediately following the column that lists candidates for election to the public office of Nassau County Executive at the general election to be held on November 8, 2005, the petitioner appeals, as limited by his brief, from so much of a final order of the Supreme Court, Nassau County (Martin, J.), entered July 13, 2005, as denied the petition, and directed that candidates for the public office of Member of the Nassau County

Legislature shall appear in the last column of the ballot at the general election to be held on November 8, 2005.

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

Election Law § 7-108 (1) provides, "[u]pon ballots for a general election, the offices shall be listed in the customary order." The Supreme Court properly found, as a matter of fact, that the ballot in Nassau County has customarily listed candidates for the public office of Member of the Nassau County Legislature in the last ballot column (see Election Law § 7-108 [1]; *Marino v Canary*, 104 AD2d 1013, 1014 [1984]; *Matter of Cilmi v Williams*, 90 AD2d 560 [1982]; *Matter of Rubin v Sadowski*, 107 Misc 2d 84 [1980], *affd* 78 AD2d 686 [1980]; *Matter of Cristenfeld v Meisser*, 64 Misc 2d 296, 299 [1970]). Contrary to the petitioner's contention, Election Law § 7-108 (1) does not require that candidates for the legislature of every county served by a county legislature be listed on a general election ballot before candidates for all relevant town or city offices, or that the configuration of ballots in this regard must be uniform throughout the state.

The petitioner's remaining contention is without merit. Florio, J.P., Santucci, Krausman, Crane and Mastro, JJ., concur.