■ Somer N. Mejia, Appellant, v Pier R. DeRose et al., Respondents. [825 NYS2d 722]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated February 17, 2006, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants satisfied their prima facie burden of showing that the plaintiff did not sustain a serious injury as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). Contrary to the plaintiff's contention, the evidence submitted in opposition to the defendants' prima facie showing was insufficient to establish that he sustained a significant limitation of use of a body function or system and, accordingly, that he sustained a serious injury within the meaning of Insurance Law § 5102 (d). In order to establish that a plaintiff suffered a significant limitation of use of a body function or system, that plaintiff is required to provide objective evidence of the extent or degree of the limitation and its duration (*see Beckett v Conte*, 176 AD2d 774 [1991]), based on a recent examination of the plaintiff (*see Young v Russell*, 19 AD3d 688, 689 [2005]; *Silkowski v Alvarez*, 19 AD3d 476 [2005]; *Kooblall v Morris*, 276 AD2d 595 [2000]). Here, while the affirmation of the plaintiff's treating physician was dated "November, 2005," the conclusions set forth therein were based on examinations that took place two years prior to the defendants' motion for summary judgment (*see Tudisco v James*, 28 AD3d 536 [2006]; *Murray v Hartford*, 23 AD3d 629 [2005]). The plaintiff also submitted the affirmed magnetic resonance imaging report of his lumbar spine performed on November 20, 2003, which revealed that the plaintiff had mild disc bulges at L4-5 and L5-S1. This report did not, alone, establish a serious injury in the plaintiff's lumbar spine. The mere

existence of a bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Bravo v Rehman*, 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]; *Diaz v Turner*, 306 AD2d 241 [2003]). In the absence of such admissible objective evidence of injury, the plaintiff's self-serving affidavit was insufficient to raise a triable issue of fact as to whether he sustained a serious injury under the significant limitation of use category (*see Felix v New York City Tr. Auth.*, 32 AD3d 527 [2006]; *Ramirez v Parache*, 31 AD3d 415 [2006]; *Fisher v Williams*, 289 AD2d 288 [2001]). The plaintiff's remaining submissions, which consisted of his hospital records, were insufficient to defeat the motion since they were uncertified. Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.