■ Cynthia Albano, Respondent, v Cathleen Onolfo et al., Appellants. [830 NYS2d 205]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Spinola, J.), entered April 6, 2006, which denied their motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff

did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Giraldo v Mandanici*, 24 AD3d 419 [2005]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The findings contained in the affirmation of the plaintiff's treating orthopedist, and his accompanying reports, were not based on a recent examination of the plaintiff (*see D'Alba v Yong-Ae Choi*, 33 AD3d 650 [2006]; *Gomez v Epstein*, 29 AD3d 950 [2006]; *Legendre v Bao*, 29 AD3d 645 [2006]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Tudisco v James*, 28 AD3d 536 [2006]; *Barzey v Clarke*, 27 AD3d 600 [2006]; *Murray v Hartford*, 23 AD3d 629 [2005]). Moreover, the plaintiff failed to adequately explain a lengthy gap in her treatment between 2003 and her last examination in 2005 (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Gomez v Epstein*, 29 AD3d 950 [2006]).

The only other medical proof submitted by the plaintiff was the affirmation and lumbar magnetic resonance imaging report of her treating radiologist. His affirmation and accompanying report noted only the existence of herniated and bulging discs in the plaintiff's spine. The mere existence of a herniated or bulging disc is not evidence of serious injury in the absence of objective medical evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Yakubov v CG Trans Corp.*, 30 AD3d 509 [2006]; *Kearse v New York City Tr. Auth., supra; Diaz v Turner*, 306 AD2d 241 [2003]). The plaintiff's self-serving affidavit was insufficient to meet that requirement (*see Yakubov v CG Trans Corp., supra; see also Felix v New York City Tr. Auth.*, 32 AD3d 527 [2006]; *Fisher v Williams*, 289 AD2d 288 [2001]), and the plaintiff's radiologist expressed no opinion as to causation (*see Collins v Stone*, 8 AD3d 321 [2004]).

Finally, the plaintiff failed to proffer competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the accident (*see Felix v New York City Tr. Auth., supra; Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Miller, J.P., Spolzino, Krausman, Fisher and Dillon, JJ., concur.