514

■ Philip I. Nociforo et al., Respondents, v Joseph Penna et al., Appellants. [840 NYS2d 396]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated September 29, 2006, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Philip Nociforo did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and granted the plaintiffs' cross motion for leave to amend their bill of particulars.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Philip Nociforo did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants payable by the plaintiffs.

The court providently exercised its discretion in granting that branch of the plaintiffs' cross motion which was for leave to amend the bill of particulars to add a claim of aggravation and/or exacerbation of pre-existing spinal injuries. This Court has held that leave to amend a bill of particulars is to be freely given absent prejudice or surprise, unless the amendment is sought on the eve of trial (see Grande v Peteroy, 39 AD3d 590 [2007]; Singh v Rosenberg, 32 AD3d 840, 842 [2006]; Joaquin v Munoz, 21 AD3d 349 [2005]). Under the facts of this case, there is no evidence that the amendment was sought on the eve of trial, or that the amendment would have prejudiced or taken by surprise the defendants. The defendants were well aware of the prior accident and injury history of the injured plaintiff Philip Nociforo as it related to his spine.

The Supreme Court, however, erred in denying the defendants' motion for summary judgment dismissing the complaint. The defendants, via their submissions, established that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject

accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the injured plaintiff sustained a serious injury or an aggravation of any pre-existing spinal injury. The plaintiffs relied on the hospital records of the injured plaintiff which related to his prior accident in February 2001. These submissions were without probative value since they were uncertified (*see Iusmen v Konopka,* 38 AD3d 608 [2007]; *Mejia v DeRose,* 35 AD3d 407, 408 [2006]). The plaintiffs further relied on the report of the injured plaintiff's treating neurologist, Dr. Taufiq Azamy, which again dealt with the prior accident. This report was also without probative value since the report was unaffirmed (*see Rodriguez v Cesar,* 40 AD3d 731 [2007]; *Phillips v Zilinsky,* 39 AD3d 728 [2007]; *see also Grasso v Angerami,* 79 NY2d 813, 814 [1991]; *Pagano v Kingsbury,* 182 AD2d 268, 270 [1992]), as were the submitted June 14, 2001, cervical spine nerve conduction and lower extremity somatosensory studies of the injured plaintiff. The affirmed medical report of the injured plaintiff's examining orthopedist failed to raise a triable issue of fact as well. While the injured plaintiff's examining orthopedist set forth in his report range of motion findings based upon his February 2006 examination of the injured plaintiff, he failed to compare any of those findings to what is normal (*see McNulty v Buglino,* 40 AD3d 591 [2007]; *Cedillo v Rivera,* 39 AD3d 453 [2007]; *Osgood v Martes,* 39 AD3d 516 [2007]; *McLaughlin v Rizzo,* 38 AD3d 856 [2007]; *Bluth v WorldOmni Fin. Corp.,* 38 AD3d 817 [2007]; *Fudol v Sullivan,* 38 AD3d 593 [2007]). He also failed, in his report, to establish any causation for the findings he did make (*see Itskovich v Lichenstadter,* 2 AD3d 406 [2003]; *Bonner v Hill,* 302 AD2d 544 [2003]). Lastly, the plaintiffs failed to submit any competent medical evidence that the injured plaintiff was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Felix v New York City Tr. Auth.,* 32 AD3d 527 [2006]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.