■ Ayshia Furrs, Respondent, v Noel Griffith, Appellant. [841 NYS2d 594]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings

County (Bayne, J.), dated September 26, 2006, which denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant established a prima facie entitlement to judgment as a matter of law by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's treating physician was without probative value in opposing the motion since he clearly relied on the unsworn reports of others in arriving at his conclusions (*see Phillips v Zilinsky*, 39 AD3d 728 [2007]; *Porto v Blum*, 39 AD3d 614 [2007]). The remaining medical reports and records concerning the plaintiff were unsworn, uncertified, or failed to raise a triable issue of fact (*see Mejia v DeRose*, 35 AD3d 407 [2006]; *see also Rodriguez v Cesar*, 40 AD3d 731 [2007]; *Phillips v Zilinsky, supra*). The mere existence of a herniated or bulging disc, or even of radiculopathy, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Mejia v DeRose, supra*; *Yakubov v CG Trans Corp.*, 30 AD3d 509 [2006]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Bravo v Rehman*, 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth., supra* at 50; *Diaz v Turner*, 306 AD2d 241 [2003]; *see also Foley v Karvelis*, 276 AD2d 666 [2000]).

The plaintiff failed to proffer competent medical evidence that she sustained a medically-determined injury of a nonpermanent nature which prevented her, for 90 of the 180 days following the subject accident, from performing her usual and customary activities (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]). The plaintiff admitted in her own deposition testimony that she returned to work within three days of the subject accident. Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.