■ Shanika C. Verette, Respondent, v Khawja T. Zia et al., Appellants. [844 NYS2d 71]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated October 31, 2006, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's reliance on uncertified hospital records and unaffirmed magnetic resonance imaging reports failed to raise a triable issue of fact since those submissions were without probative value (*see Nociforo v Penna,* 42 AD3d 514 [2007]; *Rodriguez v Cesar,* 40 AD3d 731 [2007]; *Phillips v Zilinsky,* 39 AD3d 728 [2007]; *Mejia v DeRose,* 35 AD3d 407 [2006]). The affirmed medical report of the plaintiff's treating physician was also without probative value as she relied on the unsworn reports of others in reaching her conclusions about the plaintiff (*see Phillips v Zilinsky,* 39 AD3d 728 [2007]; *Porto v Blum,* 39 AD3d 614 [2007]; *Iusmen v Konopka,* 38 AD3d 608 [2007]). The self-serving affidavit of the plaintiff, on its own, failed to raise a triable issue of fact as to whether she sustained a serious injury (*see Garcia v Solbes,* 41 AD3d 426 [2007]; *Felix v New York City Tr. Auth.,* 32 AD3d 527 [2006]; *Fisher v Williams,* 289 AD2d 288 [2001]). Moreover, the plaintiff failed to adequately explain the essential cessation of her physical therapy treatment five to six months postaccident (*see Pommells v Perez,* 4 NY3d 566 [2005]; *Berktas v McMillian,* 40 AD3d 563 [2007]; *Waring v Guirguis,* 39 AD3d 741 [2007]; *Phillips v Zilinsky,* 39 AD3d 728 [2007]). Lastly, the plaintiff failed to submit any competent medical evidence that the injuries she sustained in the accident caused her to be unable to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Nociforo v Penna,* 42 AD3d 514 [2007]; *Felix v New York City Tr. Auth.,* 32 AD3d 527 [2006]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.