■ Edwin Roman, Respondent, v Fast Lane Car Service, Inc., et al., Appellants. [846 NYS2d 613]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schack, J.), dated February 16, 2007, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants established their prima facie entitlement to summary judgment by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]; *Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff principally relied upon the affidavit of his treating physician Dr. Emil Stracar, which

incorporated therein many of his reports. Dr. Stracar concluded in his affidavit that, as a result of the subject accident, the plaintiff sustained significant and permanent injuries to the cervical and lumbar regions of his spine. Dr. Stracar failed to address, however, the findings of the defendants' examining radiologist that the injuries to the plaintiff's cervical and lumbar regions of his spine were the result of preexisting degenerative disc disease and were unrelated to the subject accident. This omission rendered speculative Dr. Stracar's conclusions that the cervical and lumbar injuries and limitations he noted in his affidavit were the result of the subject accident (*see Giraldo v Mandanici*, 24 AD3d 419 [2005]; *Lorthe v Adeyeye*, 306 AD2d 252 [2003]; *Pajda v Pedone*, 303 AD2d 729 [2003]; *Ginty v MacNamara*, 300 AD2d 624 [2002]).

The magnetic resonance imaging reports on the cervical and lumbar regions of the plaintiff's spine were insufficient to raise a triable issue of fact since they merely noted that as of April 2004 the plaintiff had bulging and herniated discs in his cervical spine, and a malalignment of L5-S1. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Mejia v DeRose*, 35 AD3d 407 [2006]; *Yakubov v CG Trans Corp.*, 30 AD3d 509 [2006]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Bravo v Rehman*, 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d at 50; *Diaz v Turner*, 306 AD2d 241 [2003]). The plaintiff's self-serving affidavit did not raise a triable issue of fact (*see Fisher v Williams*, 289 AD2d 288, 289 [2001]). The plaintiff also failed to proffer competent medical evidence that he sustained a medically-determined injury of a nonpermanent nature which prevented him, for 90 of the 180 days following the subject accident, from performing his usual and customary activities (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.