■ Yaroslav Shvartsman, Respondent, v Vyacheslav Vildman et al., Appellants. [849 NYS2d 600]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Schack, J.), dated January 12, 2007, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants Vyacheslav Vildman and Mikhail Vildman made a prima facie showing of their entitlement to judgment as a matter of law by establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The only medical submissions that were properly before the Supreme Court were the affirmed medical report of Dr. Zina Turovsky and the affirmation (with annexed reports) of Dr. Robert D. Solomon. All of the other medical submissions relied upon by the plaintiff were without any probative value since they were unsworn (*see Rodriguez v Cesar*, 40 AD3d 731, 732-733 [2007]). The affirmed medical report of Dr. Turovsky, the plaintiff's examining physician, failed to raise a triable issue of fact. Dr. Turovsky concluded that the plaintiff sustained permanent injuries and limitations to his cervical spine and left knee as a result of the subject accident. While there was evidence in that report of range-of-motion limitations in the plaintiff's cervical spine that was based upon a recent examination, neither the plaintiff nor Dr. Turovsky proffered any competent medical evidence that showed range-of-motion limitations in the plaintiff's cervical spine or left knee that were contemporaneous with the subject accident (*see D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]; *Rodriguez v Cesar*, 40 AD3d 731, 733 [2007]; *Borgella v D & L Taxi Corp.*, 38 AD3d 701, 702 [2007]). The submission of the plaintiff's magnetic resonance imaging reports concerning his cervical spine and left knee, as authored by Dr. Solomon, merely showed that, as of February 2003, the plaintiff had herniated discs in his cervical spine and a partial tear of the medial meniscus of the left knee. The mere existence of a herniated or bulging disc, and even a tear in a tendon, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Tobias v Chupenko*, 41 AD3d 583, 584 [2007]; *Mejia v DeRose*, 35 AD3d 407, 407-408 [2006]).

The plaintiff's self-serving affidavit was insufficient to show that he sustained a serious injury, since there was no objective medical evidence in support of it (*see Tobias v Chupenko*, 41 AD3d at 584). None of the admissible medical submissions by the plaintiff were sufficient to establish that he sustained a medically-determined injury of a nonpermanent nature which prevented him from performing his usual and customary activities for 90 of the 180 days following the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]). Crane, J.P., Fisher, Ritter, Covello and Dickerson, JJ., concur.