■ MARTHA CASAS et al., Respondents, v MANUEL M. MONTERO, Appellant. [853 NYS2d 358]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Hart, J.), entered May 24, 2007, which denied his motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant met his prima facie burden of showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *see also Kearse v New York City Tr. Auth.,* 16 AD3d 45, 49-50 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. The

reports concerning the plaintiffs authored by Dr. Sean V. Cotter, one of the plaintiffs' treating chiropractors, were without any probative value in opposing the defendant's motion. Dr. Cotter attempted to affirm the contents of his reports concerning the plaintiffs pursuant to CPLR 2106, but since he is a chiropractor, he could not avail himself of that statute to affirm the contents of his reports (*see* CPLR 2106; *Kunz v Gleeson,* 9 AD3d 480 [2004]; *Santoro v Daniel,* 276 AD2d 478 [2000]). The reports of Dr. Joanne D. Manfredi, one of the plaintiffs' treating physicians, as well as the report of Dr. Osric S. King concerning the plaintiff Martha Casas, were also without probative value in opposing the defendant's motion since they were unaffirmed (*see Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]; *see also Grasso v Angerami,* 79 NY2d 813 [1991]; *Pagano v Kingsbury,* 182 AD2d 268 [1992]).

The reports of Dr. Roxana Todirascu and Dr. Alonso V. Correa, both treating physicians of the plaintiffs, were properly affirmed but did not raise a triable issue of fact. Dr. Todirascu examined the plaintiffs on February 23, 2004. In her reports, while she noted "decreased" ranges of motion in Casas' cervical spine, lumbar spine, and right shoulder, and "decreased" ranges of motion in the plaintiff Hernan Carrasco's cervical spine, she failed to set forth the objective tests she performed to arrive at those conclusions (*see Murray v Hartford,* 23 AD3d 629 [2005]; *Nozine v Sav-On Car Rentals,* 15 AD3d 555 [2005]; *Bailey v Ichtchenko,* 11 AD3d 419 [2004]; *Kauderer v Penta,* 261 AD2d 365 [1999]). Moreover, it is evident that Dr. Todirascu relied on the unsworn reports of others in arriving at her conclusions concerning Casas (*see Malave v Basikov,* 45 AD3d 539 [2007]; *Govori v Agate Corp.,* 44 AD3d 821 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Furrs v Griffith,* 43 AD3d 389 [2007]; *Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267 [1995]). The reports of Dr. Correa are similarly flawed.

The affidavits of Dr. Frank Alamilla, one of the plaintiffs' treating chiropractors, were insufficient to raise a triable issue of fact since it is apparent that Dr. Alamilla relied on the unsworn reports of Dr. Cotter in coming to the conclusions contained in those affidavits (*see Malave v Basikov,* 45 AD3d 539 [2007]; *Govori v Agate Corp.,* 44 AD3d 821 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Furrs v Griffith,* 43 AD3d 389 [2007]; *Friedman v U-Haul Truck Rental,* 216 AD2d at 267).

The only magnetic resonance imaging (hereinafter MRI) report that was properly relied upon by the plaintiffs in opposition to the defendant's motion was that of Casas' right shoul-

der. All of the other MRI reports and nerve conduction studies submitted by the plaintiffs were unaffirmed, and thus without any probative value in opposing the defendant's motion (*see Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]). The MRI report of Casas' right shoulder was properly relied upon by the plaintiffs because the defendant's examining orthopedic surgeon set forth in detail the specific results of this report in his own report which was submitted in support of the defendant's motion (*see Zarate v McDonald,* 31 AD3d 632 [2006]; *Ayzen v Melendez,* 299 AD2d 381 [2002]). Nevertheless, the mere existence of a herniated or bulging disc, and even a tear in a tendon, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Shvartsman v Vildman,* 47 AD3d 700 [2008]; *Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Tobias v Chupenko,* 41 AD3d 583, 584 [2007]; *Mejia v DeRose,* 35 AD3d 407, 407-408 [2006]).

The self-serving affidavits of the plaintiffs clearly were insufficient to raise a triable issue of fact on their own, as were the excerpts of the plaintiffs' testimony given at their respective depositions, since there was no objective medical evidence in support of those submissions (*see Shvartsman v Vildman,* 47 AD3d 700 [2008]; *Tobias v Chupenko,* 41 AD3d at 584).

The plaintiffs' admissible medical submissions were insufficient to establish that either plaintiff sustained a medically-determined injury of a nonpermanent nature which prevented them from performing their usual and customary activities for 90 of the 180 days following the subject accident (*see Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Mastro, J.P., Fisher, Florio, Angiolillo and Dickerson, JJ., concur.