JUNIOR LAURENT, Plaintiff, and ARNOUX LAURENT, Respondent, v LLOYD T. MCINTOSH, Appellant. [854 NYS2d 228]—

Contrary to the Supreme Court's determination, the defendant satisfied his prima facie burden of showing that the plaintiff Arnoux Laurent (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's examining physician was without any probative value since she relied on the unsworn medical reports of others in arriving at her conclusions (*see Malave v Basikov*, 45 AD3d 539 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Furrs v Griffith*, 43 AD3d 389 [2007]; *Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]). Further, the plaintiff's examining physician failed to address the fact that the plaintiff had been involved in prior accidents in which he injured, among other areas, his right knee and lumbar spine. This omission clearly rendered speculative her conclusions that the injuries and limitations noted in the plaintiff's lumbar spine and right knee were the result of the subject accident (*see Luciano v Luchsinger*, 46 AD3d 634 [2007]; *Moore v Sarwar*, 29 AD3d 752 [2006]; *Tudisco v James*, 28 AD3d 536 [2006]; *Bennett v Genas*, 27 AD3d 601 [2006]; *Allyn v Hanley*, 2 AD3d 470 [2003]).

The plaintiff's magnetic resonance imaging reports were unaffirmed and therefore without any probative value (*see Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *see also Grasso v Angerami*, 79 NY2d 813 [1991]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]). The plaintiff's affidavit, by itself, was insufficient to raise a triable issue of fact (*see Rashid v Estevez*, 47 AD3d 786 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Duke v Saurelis*, 41 AD3d 770 [2007]).

Moreover, neither the plaintiff, nor his examining physician, adequately explained the lengthy time between the date he stopped treatment in 2003, a year after the subject accident, and his recent examination in April 2007 (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Wei-San Hsu v Briscoe Protective Sys., Inc.*, 43 AD3d 916 [2007]; *Bestman v Seymour*, 41 AD3d 629 [2007]; *Albano v Onolfo*, 36 AD3d 728 [2007]).

The plaintiff also failed to raise a triable issue of fact as to whether he sustained a medically-determined injury of a

nonpermanent nature which prevented him from performing his usual and customary activities for 90 of the 180 days immediately following the accident (*see Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.