ZOYA ENDZWEIG-MOROV et al., Appellants, v MV TRANSPORTATION, INC., et al., Respondents. [857 NYS2d 205]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their notice of appeal and brief,

from so much an order of the Supreme Court, Kings County (Balter, J.), dated December 10, 2006, as granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Zoya Endzweig-Morov and Leah Aminov on the ground that neither of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants met their prima facie burden of showing that neither the plaintiff Zoya Endzweig-Morov (hereinafter Zoya), nor the plaintiff Leah Aminov (hereinafter Leah), sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. The affirmed medical reports prepared by Aric Hausknecht, Zoya and Leah's examining neurologist, were without any probative value, since he clearly relied on the unsworn medical reports of others in reaching his conclusions therein (*see Malave v Basikov*, 45 AD3d 539 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Furrs v Griffith*, 43 AD3d 389 [2007]; *see also Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]). The medical reports prepared by David Khasidy and Howard Baum also were insufficient to raise a triable issue of fact, since they were not based on recent examinations of Zoya or Leah (*see Amato v Fast Repair Inc.*, 42 AD3d 477 [2007]; *Ali v Mirshah*, 41 AD3d 748 [2007]; *Beckett v Conte*, 176 AD2d 774 [1991]). The chiropractic report dated October 14, 2003 concerning Zoya, and the medical reports prepared by Edward Weiland concerning both Zoya and Leah were unaffirmed and thus without any probative value (*see Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *see also Grasso v Angerami*, 79 NY2d 813 [1991]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]). The magnetic resonance imaging reports prepared by Joseph Leadon merely showed that, as of September 14, 2003, Zoya had a bulging disc at L5-S1, and Leah had a bulging disc at L3-4, a protrusion at L4-5, and a herniated disc at L5-S1. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Mejia v DeRose*, 35 AD3d 407 [2006]; *Yakubov v CG Trans Corp.*, 30 AD3d 509 [2006]; *Cerisier*

*v Thibiu,* 29 AD3d 507 [2006]; *Bravo v Rehman,* 28 AD3d 694 [2006]; *Diaz v Turner,* 306 AD2d 241 [2003]). Moreover, Leadon did not offer any opinion on the cause of the disc pathology that was noted in the magnetic resonance imaging reports (*see Collins v Stone,* 8 AD3d 321, 322 [2004]). Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.