■ ROGER SEEBARAN, Appellant, v CAMPTON E. MENDONCA, Doing Business as CM MECHANICAL, Respondent. [858 NYS2d 248]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated March 30, 2007, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff failed to raise a triable issue of fact. The reports from Liberty Advanced Medical were without any probative value since they were unaffirmed (*see Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *see also Grasso v Angerami*, 79 NY2d 813 [1991]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]). The same holds true for the magnetic resonance imaging report of the plaintiff's left shoulder by Dr. Mark Freilich. In addition, the plaintiff's records from Jamaica Hospital were without any probative value since they were uncertified (*see Mejia v DeRose*, 35 AD3d 407 [2006]).

The affirmed medical report of the plaintiff's treating orthopedic surgeon was also without probative value, and thus failed to raise a triable issue of fact, since he clearly relied on the unsworn report of Dr. Freilich in arriving at his conclusions (*see Malave v Basikov*, 45 AD3d 539 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Furrs v Griffith*, 43 AD3d 389 [2007]; *see also Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]). Further, neither the plaintiff nor his treating orthopedic surgeon adequately explained the lengthy gap in the plaintiff's treatment evident in the record (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Wei-San Hsu v Briscoe Protective Sys., Inc.*, 43 AD3d 916 [2007]; *Bestman v Seymour*, 41 AD3d 629 [2007]; *Albano v Onolfo*, 36 AD3d 728 [2007]).

Finally, the plaintiff's affidavit was insufficient, on its own, to raise a triable issue of fact (*see Rashid v Estevez*, 47 AD3d 786 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Duke v Saurelis*, 41 AD3d 770 [2007]). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.