■ JOYCE MICHEL, Respondent, v KENNETH BLAKE, Defendant, and BEVERLY A. FRANCIS, Appellant. [859 NYS2d 688]—In an action to recover damages for personal injuries, the defendant Beverly A. Francis appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated April 18, 2007, as denied her motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the respondent to the appellant, the appellant's motion for summary judgment dismissing the complaint insofar as asserted against her is granted and, upon searching the record, summary judgment is awarded to the defendant Kenneth Blake dismissing the complaint insofar as asserted against him.

The appellant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The submissions of Dr. Allan Hausknecht and Dr. Charles DeMarco were without any probative value since they were unaffirmed (*see Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *see also Grasso v Angerami*, 79 NY2d 813 [1991]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]). Moreover, the affirmation of Dr. David Lifschultz also was without any probative value since he clearly relied on the unsworn medical reports of other doctors in coming to his conclusions (*see Malave v Basikov*, 45 AD3d 539 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Furrs v Griffith*, 43 AD3d 389 [2007]; *see also Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]). The self-serving affidavit of the plaintiff was insuf-

ficient to raise a triable issue of fact (*see Shvartsman v Vildman*, 47 AD3d 700 [2008]).

Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint insofar as asserted against her.

Moreover, this Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motion before the Supreme Court (*cf. Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Marrache v Akron Taxi Corp.*, 50 AD3d 973 [2008]; *Colon v Vargas*, 27 AD3d 512, 514 [2006]). Upon searching the record, we award summary judgment to the defendant Kenneth Blake dismissing the complaint insofar as asserted against him (*see* CPLR 3212 [b]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.