■ JENNIBA SILLA, Respondent, v AKHTAR MOHAMMAD et al., Appellants. [861 NYS2d 83]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated December 5, 2007, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff failed to raise a triable issue of fact. The magnetic resonance imaging (hereinafter MRI) report of Dr. Mark Freilich, concerning the plaintiff's cervical spine, was without any probative value since it was unaffirmed (*see Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747, 748 [2007]; *Nociforo v Penna,* 42 AD3d 514, 515 [2007]; *see also Grasso v Angerami,* 79 NY2d 813, 814 [1991]; *Pagano v Kingsbury,* 182 AD2d 268, 270 [1992]). The affirmation of Dr. Albert Anglade, the plaintiff's treating physician, and his report dated June 28, 2007, failed to acknowledge the fact that the plaintiff had been in an accident a few years prior to the subject one, in which she injured her neck and back. The failure to acknowledge the prior accident and injuries rendered speculative his conclusions that the injuries and limitations he noted during his examinations, concerning the plaintiff's cervical and lumbar spine, were the result of the subject accident (*see Cornelius v Cintas Corp.,* 50 AD3d 1085 [2008]; *Laurent v McIntosh,* 49 AD3d 820, 821 [2008]; *Wright v Rodriguez,* 49 AD3d 532, 533 [2008]; *Penaloza v Chavez,* 48 AD3d 654, 655 [2008]; *Cervino v Gladysz-Steliga,* 36 AD3d 744, 745 [2007]; *Moore v Sarwar,* 29 AD3d 752 [2006]).

While the plaintiff did not injure her left shoulder in the prior accident, the submissions of Dr. Anglade did not raise a triable issue of fact in that regard, either. Although Dr. Anglade noted significant range of motion limitations in the plaintiff's left shoulder based on a recent examination, neither the plaintiff nor Dr. Anglade proffered competent objective medical evidence that showed range of motion limitations in her left shoulder that were roughly contemporaneous with the subject accident (*see Perdomo v Scott,* 50 AD3d 1115 [2008]; *Scotto v Suh,* 50 AD3d 1012 [2008]; *Ferraro v Ridge Car Serv.,* 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.,* 45 AD3d 525 [2007]; *Morales v Daves,* 43 AD3d 1118 [2007]; *Rodriguez v Cesar,* 40 AD3d 731, 733 [2007]; *Borgella v D & L Taxi Corp.,* 38 AD3d 701, 702 [2007]). Furthermore, it is clear that Dr. Anglade relied on the unaffirmed MRI report of Dr. Freilich in reaching his conclusions that the plaintiff suffered from bulging discs in her cervical spine (*see Malave v Basikov,* 45 AD3d 539 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Furrs v Griffith,* 43 AD3d 389 [2007]; *see also Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267 [1995]).

The MRI report of Dr. Thomas Kolb merely evinced that the plaintiff suffered from tears in the rotator cuff and anterior glenoid labrum as of September 6, 2005. Dr. Kolb did not offer any opinion on the cause of those tears (*see Collins v Stone,* 8 AD3d 321, 322 [2004]), and the mere existence of a tear in a tendon is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Cornelius v Cintas Corp.,* 50 AD3d 1085 [2008]; *Piperis v Wan,* 49 AD3d 840 [2008]; *Casas v Montero,* 48 AD3d 728, 730 [2008]; *Shvartsman v Vildman,* 47 AD3d 700, 701 [2008]). The plaintiff's affidavit, and her deposition testimony, were insufficient to raise a triable issue of fact (*see Casas v Montero,* 48 AD3d at 730; *Shvartsman v Vildman,* 47 AD3d at 701).

The plaintiff's admissible medical submissions were insufficient to establish that she sustained a medically-determined injury of a nonpermanent nature which prevented her from performing her usual and customary activities for 90 of the 180 days following the subject accident (*see Casas v Montero,* 48 AD3d at 730; *Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.