■ MATILDE URIBE-ZAPATA, Respondent, et al., Plaintiff, v ANTONIO CAPALLAN, Appellant. [864 NYS2d 118]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated January 11, 2008, which denied his motion for summary judgment dismissing the complaint

insofar as asserted by the plaintiff Matilde Uribe-Zapata on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Matilde Uribe-Zapata on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted.

The defendant met his prima facie burden of showing that the plaintiff Matilde Uribe-Zapata (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff failed to raise a triable issue of fact. The magnetic resonance imaging (hereinafter MRI) reports concerning the plaintiff's lumbar spine and right knee lacked probative value since they were unaffirmed (see Verette v Zia, 44 AD3d 747, 748 [2007]; see also Grasso v Angerami, 79 NY2d 813, 814-815 [1991]; Pagano v Kingsbury, 182 AD2d 268, 270 [1992]). In addition, the affirmation of the plaintiff's treating physician lacked probative value since he relied on the unsworn MRI report concerning the lumbar spine in arriving at the plaintiff's diagnosis (see Malave v Basikov, 45 AD3d 539, 540 [2007]; Verette v Zia, 44 AD3d at 748; Furrs v Griffith, 43 AD3d 389 [2007]; see also Friedman v U-Haul Truck Rental, 216 AD2d 266, 266-267 [1995]). Finally, the self-serving affidavit of the plaintiff was insufficient to show that she sustained a serious injury as a result of the subject accident (see Michel v Blake, 52 AD3d 486, 486-487 [2008]; Shvartsman v Vildman, 47 AD3d 700, 701 [2008]; Yakubov v CG Trans Corp., 30 AD3d 509, 510 [2006]). The plaintiff failed to proffer competent medical evidence that she sustained a medically-determined injury of a nonpermanent nature which prevented her, for 90 of the 180 days following the subject accident, from performing her usual and customary activities (see Sainte-Aime v Ho, 274 AD2d 569, 569-570 [2000]). Fisher, J.P., Lifson, Covello, Balkin and Belen, JJ., concur.