■ SANDRA SORTO, Appellant, v MILENA I. MORALES et al., Respondents. [868 NYS2d 67]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nas-

sau County (Parga, J.), entered June 26, 2007, which, upon an order of the same court dated March 6, 2007, granting the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The defendants, in support of their motion, met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *see also Meyers v Bobower Yeshiva Bnei Zion,* 20 AD3d 456 [2005]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 49-50 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to submit any medical proof contemporaneous with the subject accident which showed initial range of motion limitations in her spine or right knee (*see Perdomo v Scott,* 50 AD3d 1115 [2008]; *see also Ferraro v Ridge Car Serv.,* 49 AD3d 498 [2008]). The chiropractic reports of Hills Chiropractic were unaffirmed and therefore without any probative value (*see Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]; *see also Grasso v Angerami,* 79 NY2d 813 [1991]; *Pagano v Kingsbury,* 182 AD2d 268 [1992]).

The affirmed medical report of Dr. Kerin Hausknecht, the plaintiff's treating neurologist, was also without any probative value since Dr. Hausknecht clearly relied on the unaffirmed reports of others in coming to his conclusions that the plaintiff sustained permanent consequential limitation of functioning in her lumbar spine as a result of the subject accident (*see Malave v Basikov,* 45 AD3d 539 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Furrs v Griffith,* 43 AD3d 389 [2007]; *see also Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267 [1995]).

The affidavit of Dr. John Rigney, the plaintiff's treating radiologist, merely established that he observed, based upon his review of the plaintiff's magnetic resonance imaging films (hereinafter MRIs), a bulging disc at L5-S1 and a "possible" partial tear of the anterior cruciate ligament in the right knee. This affidavit, however, did not render an opinion on causation of the findings made in his affirmation concerning those MRIs (*see Collins v Stone,* 8 AD3d 321, 322 [2004]) and therefore did not raise a triable issue of fact as to these injuries.

The plaintiff's admissible medical submissions were insuf-

ficient to establish that she sustained a medically-determined injury of a nonpermanent nature which prevented her from performing her usual and customary activities for 90 of the 180 days following the subject accident (*see Casas v Montero,* 48 AD3d 728, 730 [2008]; *Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]).

The plaintiff's self-serving affidavit failed to raise a triable issue of fact (*see Casas v Montero,* 48 AD3d 728 [2008]; *Shvartsman v Vildman,* 47 AD3d 700 [2008]; *Tobias v Chupenko,* 41 AD3d 583 [2007]). Fisher, J.P., Lifson, Covello, Balkin and Belen, JJ., concur.