■ CATALINA GARCIA, Respondent, v SANTIAGO LOPEZ, Defendant, and ANTONIO ALVAREZ et al., Appellants. [872 NYS2d 719]—

In an action to recover damages for personal injuries, the defendants Antonio Alvarez and Ceferino S. Hurtado appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated January 23, 2008, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the respondent to the appellants, the motion of the defendants Antonio Alvarez and Ceferino S. Hurtado for summary judgment dismissing the complaint insofar as asserted against them is granted and, upon searching the record, summary judgment is awarded to the defendant Santiago Lopez dismissing the complaint insofar as asserted against him.

The appellants Antonio Alvarez and Ceferino S. Hurtado met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The report of Dr. Charles Cooper regarding the magnetic resonance imaging (hereinafter MRI) of the plaintiff's left shoulder was without probative value in opposing the appellants' motion since it was unaffirmed (*see Grasso v Angerami,* 79 NY2d 813 [1991]; *Uribe-Zapata v Capallan,* 54 AD3d 936 [2008]; *Patterson v NY Alarm Response Corp.,* 45

AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]; *Pagano v Kingsbury,* 182 AD2d 268 [1992]).

The affirmation of Dr. Bella Sandler failed to raise a triable issue of fact. While Dr. Sandler noted significant limitations in the range of motion of the plaintiff's cervical spine based on an examination conducted on June 22, 2006, which was over four years after the subject accident, neither the plaintiff nor Dr. Sandler proffered any competent medical evidence that revealed the existence of range of motion limitations that were contemporaneous with the accident (*see Leeber v Ward,* 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.,* 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.,* 45 AD3d 525 [2007]).

The affirmed MRI reports of Dr. Robert Scott Schepp concerning the plaintiff's lumbar spine merely indicated that as of May 16, 2002, the plaintiff had a herniated disc at L4-5, and bulging discs at L3-4 and L5-S1. As to the MRI of the cervical spine, on April 27, 2002, Dr. Schepp noted the existence of osteophyte formations at C3-4, C4-5, C5-6 and C6-7. He did not observe any disc herniations or disc bulges. Dr. Schepp did not express any opinion as to the cause of the herniated disc and bulging discs in the lumbar spine, or the osteophyte formations throughout the cervical spine (*see Collins v Stone,* 8 AD3d 321 [2004]).

The plaintiff further failed to adequately explain the gap between the time she stopped treatment and her most recent examination by Dr. Sandler on June 22, 2006 (*see Pommells v Perez,* 4 NY3d 566 [2005]; *Berktas v McMillian,* 40 AD3d 563 [2007]; *Waring v Guirguis,* 39 AD3d 741 [2007]; *see also Mullings v Huntwork,* 26 AD3d 214 [2006]).

The plaintiff failed to submit competent medical evidence that the injuries she allegedly sustained in the subject accident rendered her unable to perform substantially all of her usual and customary activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Rabolt v Park,* 50 AD3d 995 [2008]; *Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]).

This Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motion before the Supreme Court (*see Michel v Blake,* 52 AD3d 486 [2008]; *Marrache v Akron Taxi Corp.,* 50 AD3d 973 [2008]; *Colon v Vargas,* 27 AD3d 512, 514 [2006]; *cf. Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430 [1996]). Upon searching the record, we award summary judgment to the defendant Santiago Lopez dismissing the

complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of the no-fault statute (*see* CPLR 3212 [b]). Rivera, J.P., Dillon, Miller, Balkin and Leventhal, JJ., concur.