OTHA CHARLES HARGROVE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [854 NYS2d 182]—

The Supreme Court properly determined that the defendants satisfied their respective prima facie burdens on their separate motions for summary judgment by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff relied on various unaffirmed and unsworn medical reports in opposing the defendants' motions, all of which were without any probative value (*see Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747, 748 [2007]; *Nociforo v Penna*, 42 AD3d 514, 515 [2007]; *see also Grasso v Angerami*, 79 NY2d 813 [1991]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]). The affirmation of Dr. Arden Kaisman, one of the plaintiff's physicians, also was insufficient to raise a triable issue of fact since Dr. Kaisman relied on an unsworn report of another physician in reaching his conclusions (*see Malave v Basikov*, 45 AD3d 539, 540 [2007]; *Govori v Agate Corp.*, 44 AD3d 821 [2007]; *Verette v Zia*, 44 AD3d at 748; *Furrs v Griffith*, 43 AD3d 389, 390 [2007]; *Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]).

The plaintiff's magnetic resonance imaging reports merely showed that as of August 2004 the plaintiff had, among other

things, a bulging disc at L5-S1. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Tobias v Chupenko*, 41 AD3d 583, 584 [2007]; *Mejia v DeRose*, 35 AD3d 407, 407-408 [2006]). Further, the plaintiff's self-serving affidavit was insufficient to raise a triable issue of fact, as there was no objective medical evidence in support of it (*see Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Tobias v Chupenko*, 41 AD3d at 584).

The plaintiff's remaining admissible medical submissions were insufficient to establish that he sustained a medically-determined injury of a nonpermanent nature which prevented him from performing his usual and customary activities for 90 of the 180 days following the subject accident (*see Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.