■ RUTH KIVELOWITZ, Appellant, v VITO CALIA et al., Respondents. (And a Related Action.) [843 NYS2d 145]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered June 28, 2006, as granted that branch of the motion of the defendants Vito Calia and Cathryn Calia-Schrope, and that branch of the separate motion of Gaspar Hernandez, which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

In support of their separate motions, inter alia, for summary judgment dismissing the complaint, the defendants Vito Calia and Cathryn Calia-Schrope, and the defendant Gaspar Hernandez, relied upon the affirmed reports of Dr. Robert Israel and Dr. Michael Katz, both of whom are orthopedists, and the affirmed report of Dr. Jessica Berkowitz, a radiologist (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). These reports established that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Thus, the defendants made a prima facie showing of entitlement to judgment as a matter of law.

In opposition, the plaintiff failed to raise a triable issue of fact as to whether she sustained a serious injury within the meaning of Insurance Law § 5102 (d). Notably, the plaintiff failed to submit any affirmations or affidavits of her treating physicians, or medical records in admissible form indicating what treatment, if any, she received for her alleged injuries (*see Smith v Askew*, 264 AD2d 834 [1999]).

In light of the foregoing, we need not reach the plaintiff's remaining contention. Schmidt, J.P., Rivera, Krausman and Florio, JJ., concur.