■ RAQUEL WRIGHT et al., Appellants, v WILLIAM RODRIGUEZ et al., Respondents. [855 NYS2d 147]—

The defendant William Rodriguez made a prima facie showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *see also Kearse v New York City Tr. Auth.,* 16 AD3d 45, 49-50 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. As to the plaintiff Raquel Wright, neither she nor her examining physician adequately explained the lengthy gap in her treatment between October 14, 2004, and her most recent examination on February 23, 2006 (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]; *Sibrizzi v Davis,* 7 AD3d 691 [2004]; *cf. Black v Robinson,* 305 AD2d 438, 440 [2003]).

As to the plaintiff Hasan Precise, the affirmation of his treating physician submitted in opposition to the motion was not based on a recent examination, and thus the physician's projections of permanent limitations had no probative value (*see Amato v Fast Repair Inc.,* 42 AD3d 477 [2007]; *Ali v Mirshah,* 41 AD3d 748 [2007]; *Elgendy v Nieradko,* 307 AD2d 251 [2003]). Moreover, the physician's opinion that Precise's injuries and limitations were caused by the subject accident was speculative in light of the fact that the physician failed to acknowledge in his affirmation that Precise was involved in a prior automobile accident in 2002 (*see Moore v Sarwar,* 29 AD3d 752 [2006]; *Tudisco v James,* 28 AD3d 536 [2006]; *Bennett v Genas,* 27 AD3d 601 [2006]; *Allyn v Hanley,* 2 AD3d 470 [2003]).

The plaintiffs' remaining submissions were insufficient on their own to raise a triable issue of fact. The mere existence of a herniated or bulging disc, and even radiculopathy, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Mejia v DeRose,* 35 AD3d 407 [2006]; *Yakubov v CG Trans Corp.,* 30 AD3d 509, 510 [2006]; *see also Furrs v Griffith,* 43 AD3d 389, 390 [2007]). Spolzino, J.P., Santucci, Dillon and Balkin, JJ., concur.