■ THOMAS J. O'SHEA et al., Respondents, v BRENDAN JOHNSON, Appellant. [853 NYS2d 608]—

The plaintiff Thomas J. O'Shea was operating a motor vehicle in which his wife, the plaintiff Edith M. O'Shea, was a passenger, when the vehicle was struck from behind by a motor vehicle operated by the defendant. After the plaintiffs commenced this action, the defendant moved for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

The affirmed medical report prepared by Dr. Loren E. Rosenthal, a neurologist, which the defendant submitted in support of his motion insofar as it concerned Mr. O'Shea, failed to establish, prima facie, that he did not sustain a serious injury (*see Tchjevskaia v Chase,* 15 AD3d 389 [2005]). Indeed, the report actually identified a triable issue of fact (*see* CPLR 3212 [b]) as to whether Mr. O'Shea exhibited significant limitations in cervical range of motion as a result of the accident (*see* Insurance Law § 5102 [d]). Under these circumstances, it is not necessary to consider the sufficiency of the plaintiffs' submissions with regard to Mr. O'Shea (*see Tchjevskaia v Chase* 15 AD3d at 389).

However, the affirmed medical report which Dr. Rosenthal prepared with regard to his examination of Mrs. O'Shea

established, prima facie, that her injuries were not serious within the statutory definition (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The affirmed medical report prepared by Dr. Arnold Goran, which was submitted in opposition to the motion insofar as it concerned Mrs. O'Shea, failed to raise a triable issue of fact. Dr. Goran found that she had full range of motion when he first examined her two months after the accident, and again almost six months after the accident. While Dr. Goran found a 20% reduction in range of motion in Mrs. O'Shea's cervical spine nearly 18 months after the accident, he failed to causally relate that limitation to the accident (*see Verrelli v Tronolone*, 230 AD2d 789 [1996]) or to explain the apparent inconsistency in his findings (*see Doran v Sequino*, 17 AD3d 626, 627 [2005]). Accordingly, the court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by Mrs. O'Shea on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur.