■ TAMIKA NICHOLSON, Respondent, v RUDOLPH ALLEN, Appellant, et al., Defendant. [879 NYS2d 164]—

In an action to recover damages for personal injuries, the defendant Rudolph Allen appeals from an order of the Supreme Court, Kings County (Martin, J.), dated March 17, 2008, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The defendant Rudolph Allen (hereinafter the defendant) established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident through the affirmed medical

reports of his examining neurologist, orthopedist, and radiologist (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955; *Staff v Yshua*, 59 AD3d 614 [2009]; *Geliga v Karibian, Inc.*, 56 AD3d 518 [2008]; *O'Shea v Johnson*, 49 AD3d 614 [2008]; *Kivelowitz v Calia*, 43 AD3d 1111 [2007]; *Porto v Blum*, 39 AD3d 614 [2007]). Contrary to the Supreme Court's determination, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's treating chiropractor was based upon examinations of the plaintiff he made nearly four years prior to the motion for summary judgment, and not upon any recent examination (*see Diaz v Lopresti*, 57 AD3d 832 [2008]; *Sapienza v Ruggiero*, 57 AD3d 643 [2008]; *Carrillo v DiPaola*, 56 AD3d 712 [2008]; *Cornelius v Cintas Corp.*, 50 AD3d 1085 [2008]; *Wright v Rodriguez*, 49 AD3d 532 [2008]). The affidavit also failed to address the findings of the defendant's examining radiologist that the magnetic resonance images of the plaintiff's lumbar spine, taken three months after the accident, did not reveal any post-traumatic changes, but only long-standing degenerative conditions (*see Ciordia v Luchian*, 54 AD3d 708 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Khan v Finchler*, 33 AD3d 966 [2006]), and failed to acknowledge the fact that the plaintiff had been injured in two prior automobile accidents (*see Cornelius v Cintas Corp.*, 50 AD3d 1085 [2008]; *Laurent v McIntosh*, 49 AD3d 820 [2008]; *Wright v Rodriguez*, 49 AD3d 532 [2008]; *Luciano v Luchsinger*, 46 AD3d 634 [2007]; *Vidor v Davila*, 37 AD3d 826 [2007]). Furthermore, the plaintiff failed to proffer competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Leeber v Ward*, 55 AD3d 563 [2008]; *Kurin v Zyuz*, 54 AD3d 902 [2008]; *Jones v Gooding*, 50 AD3d 968 [2008]; *Amato v Fast Repair Inc.*, 42 AD3d 477 [2007]). Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.