■ LUDMILA YUNATANOV, Appellant, v MARK STEIN, Respondent. [893 NYS2d 569]—

The Supreme Court properly determined that the defendant, in support of that branch of his motion which was for summary judgment dismissing the first cause of action, met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

Initially, the medical reports of Dr. Neil J. Koppel and Dr. Steven M. Erlanger, as well as those from Physiologic Physical Therapy, P.C., and Orthopaedic Associates of Great Neck, LLP, were insufficient to raise a triable issue of fact since they were unsworn (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Choi Ping Wong v Innocent*, 54 AD3d 384 [2008]; *Uribe-Zapata v Capallan*, 54 AD3d 936 [2008]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]).

The Supreme Court erroneously concluded that the report of Dr. Martin B. Gillman, the plaintiff's examining chiropractor, was unaffirmed, as it was submitted in affidavit form. Nevertheless, this report failed to raise a triable issue of fact. While Dr. Gillman examined the plaintiff on June 11, 2008, and found significant limitations of motion in the cervical and lumbar regions of the plaintiff's spine, neither he nor the plaintiff proffered competent medical evidence that revealed the existence of significant limitations in the plaintiff's cervical and lumbar spine ranges of motion that were contemporaneous with the

subject accident (*see Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Fung v Uddin*, 60 AD3d 992 [2009]; *Gould v Ombrellino*, 57 AD3d 608 [2008]; *Kuchero v Tabachnikov*, 54 AD3d 729 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]).

While the medical reports of Dr. Farshad D. Hannanian, the plaintiff's treating neurologist, also were in proper form and noted that the plaintiff had positive straight leg raising results, these results were neither contemporaneous with the subject accident nor conclusive of any significant limitations in the plaintiff's lumbar spine that were caused by the subject accident. Dr. Hannanian failed to acknowledge that the plaintiff was involved in a car accident two years prior to the subject accident, in which she injured her back. Given this failure, his conclusions that the plaintiff's symptoms and disability were related to the subject accident, especially those conclusions concerning her back, were rendered speculative (*see Su Gil Yun v Barber*, 63 AD3d 1140 [2009]; *Silla v Mohammad*, 52 AD3d 681 [2008]; *Cornelius v Cintas Corp.*, 50 AD3d 1085, 1086 [2008]; *Wright v Rodriguez*, 49 AD3d 532 [2008]; *Moore v Sarwar*, 29 AD3d 752 [2006]).

The plaintiff failed to submit competent medical evidence that the injuries she allegedly sustained as a result of the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days thereafter (*see Ponciano v Schaefer*, 59 AD3d 605 [2009]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). The plaintiff alleged, in her bill of particulars, that she missed, at most, one month of work as a result of the subject accident.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to renew. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Barnett v Smith*, 64 AD3d 669 [2009]; *Chernysheva v Pinchuck*, 57 AD3d 936 [2008]; *Dinten-Quiros v Brown*, 49 AD3d 588 [2008]; *Madison v Tahir*, 45 AD3d 744 [2007]). Here, the affidavit of Dr. Gillman, which reiterated the findings of his report which had been submitted by the plaintiffs in opposition to the original motion, did not constitute "new facts." Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.