■ JONATHAN ZAWASKI, Respondent, v LOUIS SALZANO, Appellant. [909 NYS2d 366]—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated January 14, 2010, which granted the plaintiff's motion for summary judgment on the issue of liability, and denied his cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the defendant's cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted, and the plaintiff's motion for summary judgment on the issue of liability is denied as academic.

In support of his cross motion, the defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957

[1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to submit any affirmations or affidavits of his treating physicians, or medical records in admissible form indicating what treatment, if any, he received for his alleged injuries (*see Kivelowitz v Calia*, 43 AD3d 1111 [2007]).

Since the plaintiff failed to raise a triable issue of fact in opposition, the Supreme Court should have granted the defendant's cross motion for summary judgment dismissing the complaint. Accordingly, the plaintiff's motion for summary judgment on the issue of liability should have been denied as academic (*see Kuperberg v Montalbano*, 72 AD3d 903 [2010]). Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.