■ ROSA FERAZZOLI et al., Appellants, v LEROY HAMILTON, Respondent. [35 NYS3d 654]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Sher, J.), dated March 11, 2015, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Rosa Ferazzoli did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendant met his prima facie burden of showing that the plaintiff Rosa Ferazzoli (hereinafter the injured plaintiff)

did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the injured plaintiff's lumbar spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In addition, the defendant demonstrated, prima facie, that the injured plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) by submitting a transcript of the injured plaintiff's deposition testimony, which demonstrated that she missed only two days of work following the accident (*see John v Linden*, 124 AD3d 598, 599 [2015]; *Marin v Ieni*, 108 AD3d 656, 657 [2013]; *Richards v Tyson*, 64 AD3d 760, 761 [2009]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Leventhal, J.P., Hall, Austin and Barros, JJ., concur.