■ ELVIS S. BRUN, Appellant, v JASON M. FARNINGHAM et al., Respondents. [51 NYS3d 172]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Onofry, J.), dated December 9, 2014, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and denied his motion for summary judgment on the issue of liability, and (2) a judgment of the same court dated February 6, 2015, which, upon the order, is in favor of the defendants and against him dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants met their prima facie burden of showing that

the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's right knee and right ankle did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Vasquez v John Doe #1*, 73 AD3d 1033, 1033 [2010]) and, in any event, was not caused by the subject accident (*see Il Chung Lim v Chrabaszcz*, 95 AD3d 950, 951 [2012]; *Larson v Delgado*, 71 AD3d 739, 740 [2010]; *Mensah v Badu*, 68 AD3d 945, 945-946 [2009]). The defendants also demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180 category of Insurance Law § 5102 (d) (*see Ferazzoli v Hamilton*, 141 AD3d 686, 687 [2016]). In opposition, the plaintiff failed to raise a triable issue of fact.

Because the plaintiff did not raise any triable issues of fact as to "the threshold issue of serious injury" (*McLoud v Reyes*, 82 AD3d 848, 849 [2011]), the plaintiff's motion for summary judgment on the issue of liability was properly denied, as it was academic (*see Zawaski v Salzano*, 77 AD3d 823, 824 [2010]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.