Cavitolo v Broser (2018 NY Slip Op 05442)





Cavitolo v Broser


2018 NY Slip Op 05442


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-11193
 (Index No. 150386/14)

[*1]Josephine Cavitolo, appellant, 
v
Linda Broser, respondent.


Frank J. Dito, Jr., Staten Island, NY, for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Christopher A. South of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated September 21, 2016. The order granted the defendant's cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied the plaintiff's motion for summary judgment on the issue of liability as academic.
ORDERED that the order is affirmed, with costs.
This action arises from a motor vehicle accident that occurred on May 19, 2011, in which a vehicle operated by the plaintiff allegedly was struck by a vehicle owned and operated by the defendant. The plaintiff moved for summary judgment on the issue of liability. The defendant cross-moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In the order appealed from, the Supreme Court granted the defendant's cross motion and denied the plaintiff's motion as academic. The plaintiff appeals.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's left shoulder and the cervical region of her spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614), and that, in any event, the alleged injuries were not caused by the accident (see Gouvea v Lesende, 127 AD3d 811; Fontana v Aamaar & Maani Karan Tr. Corp., 124 AD3d 579, 580). The defendant also demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Brun v Farningham, 149 AD3d 686, 687).
In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert failed to address the findings of the defendant's examining radiologist that the magnetic resonance imaging of the plaintiff's left shoulder, taken shortly after the accident, revealed only pre-existing degenerative conditions (see Franklin v Gareyua, 136 AD3d 464, 465-466, affd 29 NY3d 925, 926; Chery v Jones, 62 AD3d 742, 742-743; Ciordia v Luchian, 54 AD3d 708, 708-709).
Accordingly, we agree with the Supreme Court's determination granting the defendant's cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, and denying the plaintiff's motion for summary judgment on the issue of liability as academic.
BALKIN, J.P., CHAMBERS, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court