Radoncic v Faulk (2019 NY Slip Op 02134)





Radoncic v Faulk


2019 NY Slip Op 02134


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-12172
 (Index No. 7731/15)

[*1]Dzavid Radoncic, appellant, 
v
Wendy Faulk, et al., respondents.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel and Julie T. Mark of counsel), for appellant.
Russo & Tambasco, Melville, NY (Yamile Al-Sullami of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated September 19, 2017. The order, insofar as appealed from, granted the motion of the defendants Ricky McTaggart and V. E. Pinnock McTaggart for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 1, 2015, the plaintiff allegedly was injured when the vehicle in which he was a back-seat passenger was struck in the rear by a vehicle operated by the defendant Ricky McTaggart and owned by the defendant V. E. Pinnock McTaggart (hereinafter together the McTaggart defendants). The plaintiff subsequently commenced this action to recover damages for personal injuries against the McTaggart defendants and Wendy Faulk, the operator of the vehicle in which the plaintiff was a passenger. After discovery, the McTaggart defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. Faulk separately moved for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court granted both motions. The plaintiff appeals from so much of the order as granted the McTaggart defendants' motion.
The McTaggart defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). They submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's left shoulder and the cervical and lumbar regions of his spine did not constitute serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). They also demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761).
In opposition, the plaintiff failed to raise a triable issue of fact. The unaffirmed reports of the plaintiff's treating physician, which were not submitted in admissible form, were insufficient to raise a triable issue of fact with respect to the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Grasso v Angerami, 79 NY2d 813; Irizarry v Lindor, 110 AD3d 846, 847; Yunatanov v Stein, 69 AD3d 708). Furthermore, the report of the plaintiff's treating orthopedist, although affirmed, failed to raise a triable issue of fact, as it did not identify the objective tests utilized by the orthopedist to measure the plaintiff's range of motion (see Fiorucci-Melosevich v Harris, 166 AD3d 581; Schilling v Labrador, 136 AD3d 884). As for the 90/180-day category of Insurance Law § 5102(d), the plaintiff failed to submit any evidence in opposition to the McTaggart defendants' prima facie showing that he had missed, at most, one month of work during the 180-day period following the accident (see Amato v Gorecik, 167 AD3d 557; Anderson v Foley, 162 AD3d 965).
Accordingly, we agree with the Supreme Court's determination granting the McTaggart defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court